NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID GEORGE,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.    20-55383

D.C. No. 5:19-cv-00703-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Submitted February 4, 2021**
Pasadena, California

Before: GOULD, LEE, and VANDYKE, Circuit Judges.

David George ("George") appeals from the district court's order affirming

the denial of his application for disability insurance benefits under the Social

Security Act. In the proceedings below, an administrative law judge ("ALJ")

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

determined that George was not disabled under 42 U.S.C. § 1382c(a)(3)(A). Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's order *de novo* and reverse only if the underlying ALJ decision "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*.

George contends that the ALJ erred in weighing Dr. Loomis' opinion, and that this error was harmful because it resulted in a residual functional capacity ("RFC") that did not account for all of George's limitations. In particular, George asserts that because Dr. Loomis opined that George was capable of "carrying out simple one to two step (unskilled) tasks," the RFC finding that George could "perform simple repetitive tasks" was error.

We disagree. Dr. Loomis' opinion did not clearly limit George to only one to two step tasks. Instead, Dr. Loomis also wrote that George could perform non-public, simple repetitive tasks, which is entirely consistent with the RFC. Because Dr. Loomis opined that George could perform both kinds of tasks, the ALJ's decision to adopt the broader limitation was reasonable. An RFC represents the most a claimant can do, not the least. 20 C.F.R. § 416.945(a).

2

Nor did the ALJ err when she did not explain why she found George capable of simple, repetitive tasks. Although the ALJ was required to explain why "significant probative evidence has been rejected," *Vincent ex rel. Vincent*, 739 F.2d 1393, 1395 (9th Cir. 1984) (citation omitted), here, the ALJ did not reject Dr. Loomis' opinion; she resolved a conflict in his testimony. We have held that "[e]ven when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Next, George contends that the ALJ erred in not resolving conflicts between the vocational expert's ("VE") testimony and the job descriptions listed in the Dictionary of Occupational Titles ("DOT"). The ALJ did not explicitly find George literate or illiterate. But in the hypotheticals that she posed to the VE, the ALJ asked the VE to assume illiteracy. Based on those hypotheticals, the VE testified that George could perform the roles of swatch clerk, bench assembler, and production assembler. George asserts that the language and reasoning levels required for these positions are inconsistent with a finding of illiteracy.

Again, we disagree. First, there was no conflict between the VE's testimony and the DOT because the ALJ did not find that George was illiterate. Instead, the ALJ found that George had "a marginal education and is able to communicate in English." Marginal education is defined as "ability in reasoning, arithmetic, and

language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 416.964(b)(2). Illiteracy, by contrast, "means the inability to read or write." 20 C.F.R. § 416.964(b)(1).

Second, any conflicts between George's purported illiteracy and the reasoning and literacy requirements listed in the DOT for swatch clerk, bench assembler, and production assembler were not "obvious or apparent." *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (holding that "[f]or a difference between an expert's testimony and the *Dictionary's* listings to be fairly characterized as a conflict, it must be obvious or apparent," which means that "the testimony must be at odds with the *Dictionary's* listing of job requirements that are essential, integral, or expected").

Finally, George asserts that we should remand his case so that the ALJ can address inconsistencies between the VE's testimony and non-DOT sources, such as the Bureau of Labor Statistics' Occupational Outlook Handbook ("OOH"), with respect to the number of jobs available in the national economy. George's argument is forfeited because he did not raise it before the ALJ while represented by counsel. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). Though we recognized in *Shaibi* that a claimant will rarely be able to anticipate the occupations a VE might list at a hearing, we also held that a claimant must "raise the job-numbers issue in a general sense before the ALJ" to preserve his or her

4

challenge. *Id*. at 1110. Here, George did not challenge the VE's job numbers at all.[1]

**AFFIRMED.**

---

[1] Even if George had not waived this argument, it would fail on the merits. While the ALJ must investigate and resolve any apparent conflicts between the VE's testimony and the DOT, the same is not true of the OOH or other sources. *Shaibi*, 883 F.3d at 1109 n.6 ("That requirement was established in SSR 00-4p, a Social Security Ruling, only for the DOT and an associated document.").